UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTY COLE, on her own behalf and on behalf of her minor daughter, K.C.<br>PLAINTIFF | CIVIL ACTION NO.:<br>5:17-CV-01629-SMH-MLH |
| VERSUS | CHIEF JUDGE: S. MAURICE HICKS, JR. |
| WEBSTER PARISH SCHOOL BOARD, JOHNNY ROWLAND, in his official capacity as Superintendent of the Webster Parish School District, and DENNY FINLEY, in his official capacity as Principal of Lakeside Junior/Senior High School<br>DEFENDANTS | |

**MEMORANDUM IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION**

NOW INTO COURT, through undersigned counsel, come Defendants, WEBSTER PARISH SCHOOL BOARD, JOHNNY ROWLAND and DENNY FINLEY (collectively, the "Defendants"), who and which respectfully submit this Memorandum In Opposition to the Motion for Preliminary Injunction filed by Plaintiffs, Christy Cole and her minor daughter, K.C. (collectively, the "Plaintiffs").[1] For the reasons set forth below, Plaintiffs' claims and arguments in support of their Motion are either unfounded or have become entirely moot. In either event, Plaintiffs have failed to meet their burden of proving each of the elements required for a preliminary injunction, and this Court should deny their Motion.

---

[1] Defendants submit the present Memorandum in Opposition to Motion for Preliminary Injunction out of an abundance of caution and in order to comply with the time constraints of Local Rule 7.5. Defendants reserve their rights to supplement, amend or otherwise modify their Opposition in accordance with any Notice of Motion Setting or other Scheduling Order that may be issued by this Court.

## I. <u>BACKGROUND</u>

On December 18, 2017, Plaintiffs filed a Complaint against the Webster Parish School Board, its Superintendent, Johnny Rowland, and a school administrator, Denny Finley, alleging violations of the First Amendment's Establishment Clause. In support of their action, Plaintiffs cite to various alleged activities and incidents occurring during the tenure of Christy Cole's children, Ana Lopez-Cole and K.C. These events cover a near fourteen-year span and involve numerous teachers and school administrators, many of whom are now retired or deceased. Likewise, these alleged events involve several schools throughout the District.

Along with their Complaint, Plaintiffs filed a Motion for Preliminary Injunction. Plaintiff's Motion presents identical allegations to those asserted in their Complaint. In particular, Plaintiffs attempt to support their Motion with reference to the following alleged incidents or activities: (1) student-led prayer before school; (2) student-led prayer before pep rallies, athletic events and assemblies; (3) a teacher's religious iconography; (4) outside speakers or organizations prothelytizing during assemblies; (5) viewing of religious videos; and (6) participation in student-led religious groups. In their Motion, Plaintiffs request injunctive relief prohibiting some or all of these alleged activities. Nevertheless, as set forth below, Plaintiffs' allegations are insufficient to merit such extraordinary relief.

Plaintiffs served Defendants with their Complaint and Motion on December 20, 2017, just one day before the Webster Parish School Board commenced its break for the holiday season. The school system and its teachers, administrators, central office staff and other employees were on break and otherwise unavailable from December 21, 2017, until school resumed on January 8, 2018. Defendants and its counsel were therefore left with

little time to answer or otherwise respond to Plaintiffs' action. Defendants have also been left with little time to prepare their opposition to Plaintiffs' Motion. As set forth above, Defendants submit the present opposition out of an abundance of caution, and with full reservation of their rights to supplement and amend.

### III. LAW AND ARGUMENT

**A.     PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS MOOT.**

A case may become moot if: "(1) there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Bell v. Tensas Parish Sch. Bd*, 185 Fed.Appx. 326, 2006 WL 1684662 at *1 (5th Cir. 2006) (*citing, County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979)). Likewise, claims for injunctive relief are moot where the allegedly harmful conduct has been discontinued.

In the instance case, a key factual premise for the harm alleged by *Plaintiffs–student led prayer over the school intercom or public announcement system*–no longer exists. Since the filing of the present action, the School Board has directed its schools and their administrators to cease the practice of providing prayer at any point during the school day. This directive bans any alleged practice of allowing students to volunteer to provide a prayer at the commencement of the school day. Stated otherwise, the student prayer at issue in Plaintiffs' Complaint and Motion is no longer occurring and there is no threat that such a practice will resume in the future. While the School Board denies the occurrence of such prayer, its interim actions eliminate any possible argument or need for injunctive relief.

3

Plaintiffs' allegations of prayer occurring when Ana Lopez-Cole and K.C. attended elementary school over ten years ago are likewise moot. Similarly, alleged one-time events, such as viewing isolated movies or animated programs, attending an assembly involving a bodybuilding group in 2014, observing student prayer at a football in 2014 and observing prayer at a graduation ceremony in 2014 are also insufficient to merit injunctive relief. Finally, there is currently no religious iconography or other religious statements in the classroom of Mechelle Hall, thereby mooting any need for injunctive relief to protect students such as K.C. from exposure to such materials.

As recognized by the Supreme Court in *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983), a plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again. Plaintiffs' allegations concerning school prayer and Defendants' impermissible involvement in religion cannot meet this threshold. These disparate allegations of past conduct are insufficient to show that a future violation of Plaintiffs' rights is likely. Considering the Webster Parish School Board's directives against school prayer, Plaintiffs are not threatened with any future harm, and their Motion for Preliminary Injunction is not entirely moot.

**B.     PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION.**

Even if this Court reaches the merits of Plaintiffs' Motion, it should be denied. The United States Fifth Circuit Court of Appeals has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion." *Lake Charles Diesel, Inc v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003) (Internal Citations Omitted). Within this

framework, Plaintiffs bear the burden of proving each of the following elements:

> (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] threatened injury outweighs the threatened harm to the patty whom [they] seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Id.* at 195-96. Plaintiffs cannot establish each of these elements, and therefore fall well short of their heightened burden in seeking a disfavored injunction.

### 1. **Plaintiffs Cannot Establish a Substantial Threat of Irreparable Injury**.

The decision by the Webster Parish School Board to prohibit prayer, whether student-led or otherwise, over the intercom or public address systems of its schools removes any threat of irreparable harm. As discussed above, Plaintiffs' action is primarily based on the allegations that Christy Cole's children, Ana Lopez-Cole and K.C., were forced to listen to daily, student-led prayer while attending elementary, middle and high school in the District. As a result of the School Board's institution of its district-wide prohibition, K.C. no longer faces the prospect of enduring daily prayer. The benefits and protections of the School Board's revised policy therefore remove any need for injunctive relief. Plaintiffs will remain free from the complained of conduct, even if an injunction is not granted. Put simply, Plaintiff cannot show a substantial threat of irreparable harm should they not obtain their requested injunction.

Furthermore, Plaintiffs cannot establish a showing of irreparable harm based on the isolated incidents of past conduct alleged in their Motion. For instance, alleged isolated incidents of speakers providing a religious message during a presentation over four years ago or the isolated viewing of media with potentially religious messages is insufficient to show a substantial likelihood of irreparable harm in the future. *See, Lyons,* 461 U.S. at 111

(requiring past acts to establish "real and immediate threat").[2] [3]

Similarly, Plaintiffs' alleged observance of payer at a highschool football game in 2014 and at graduation ceremonies in 2016 and 2017 are insufficient to establish a real and immediate threat of harm. *See*, *Lyons*, 461 U.S. at 111. For instance, the commencement of the high school football season is over seven months away. Likewise, at least four months remain until any commencement activities will be held. Even if Plaintiffs could establish a threat of being exposed to prayer either at a football game or at graduation (which is at all times denied), such a threat certainly lacks the immediacy necessary to justify injunctive relief. Further, Plaintiffs have not (and cannot) allege any specific instances of prayer during basketball, baseball or softball games that will continue to take place before high school graduation and the commencement of the football season.[4] Without any showing of immediacy, Plaintiff's Motion should be denied.

### 2.     **Plaintiffs Cannot Establish a Likelihood of Success on the Merits**.

Apart from being moot or otherwise insufficient to establish an immediate risk of harm, several of Plaintiffs' allegations fall well short of pleading an Establishment Clause

---

[2] Any groups invited to speak to the District's students were requested to do so for secular purposes. For instance, the Christian bodybuilders referred to by Plaintiffs were invited to speak to students about the benefits of exercise, a healthy diet and abstaining from drugs and alcohol. Similarly, a speaker from the group, "You Are Worth It," was selected to speak to high school students about the dangers of drinking and driving. In neither instance did the Webster Parish School Board exercise any control over the content of the speaker's message. Likewise, neither group has been asked to return to speak to the District's students.

[3] Any alleged use of the "Veggietales" program or the film "God's Not Dead" was for the secular purpose of selecting age-appropriate, family-friendly entertainment as a supplement to the educational cirriculum that did not contain any curse words, crude language, violence, nudity or other content inappropriate for children, adolescent and teenage audiences.

[4] Defendants adamantly deny Plaintiffs' unsupported claim that every athletic event held at schools in Webster Parish includes prayers delivered by students and broadcast over the school's loudspeakers.

violation. For instance, Plaintiffs are without a substantial likelihood of success on the merits of their claims involving the student group, Fellowship of Christian Athletes ("FCA"). Members of the FCA clearly have the right to use the school premises at Lakeside Junior/Senior High School, before or after instructional hours. *See, e.g., Widmar v. Vincent*, 454 U.S. 263, 102 S.Ct. 269, 70 L.Ed.2d 440 (1981) (University that created a forum generally open for use by student groups could not prohibit religious groups from similar use of its buildings.); *Lamb's Chapel v. Center Moriches Union Free School Dist.*, 508 U.S. 384, 113 S. Ct. 2141, 124 L. Ed. 2d 352 (1993) (School district could not prohibit evangelical group from after hours use of building to show film series on family values when after hours use of facilities was allowed for social, civic or recreational purposes); *Good News Club v. Milford Central School*, 533 U.S. 98, 121 S.Ct. 2093, 150 L.Ed.2d 151 (2001), (School's exclusion of children's club from meeting at school after hours based upon religious nature of club was unconstitutional in light of permitted use of school facilities for activities that served a variety of purposes).

      Similarly, the School Board's alleged announcement of the after-school Fields of Faith event does not give rise to a violation of the Establishment Clause. The student-led group responsible for organizing this event was entitled to access and use the same means of communicating with the general student population as any other student group. At Lakeside, it remains common for the school's principal to announce upcoming events sponsored by student clubs or groups. As a result, the student group behind Fields of Faith was entitled to have its program announced to the general student body. In so announcing the student-led program, Defendants were not providing the students responsible for Fields of Faith with any services not otherwise provided to any other student group. Defendants'

provision of equal access for student groups simply does not provide any justification or support for injunctive relief.

### IV. CONCLUSION

This Court does not need to reach the merits of Plaintiffs' Motion for Preliminary Injunction. Much of the factual basis for Plaintiff's Motion no longer exists, rendering their Motion moot. However, even if the Court reaches the merits of the Motion, it should be denied, because Plaintiffs have failed to meet their heightened burden in seeking a disfavored preliminary injunction.

Respectfully submitted,

HAMMONDS, SILLS, ADKINS & GUICE, L.L.P.
1881 Hudson Circle
Monroe, Louisiana 71201
(318) 324-0101 - Telephone
(318) 322-5375 - Facsimile

BY:    s/ Jon K. Guice
       JON K. GUICE, #20841

BY:    s/Neal L. Johnson, Jr.
       NEAL L. JOHNSON, JR., #23149

BY:    s/Courtney T. Joiner
       COURTNEY T. JOINER, #32878

BY:    s/Justin N. Myers
       JUSTIN N. MYERS, #34005

ATTORNEYS FOR DEFENDANTS,
WEBSTER PARISH SCHOOL BOARD,
JOHNNY ROWLAND, AND DENNY FINLEY

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Defendants' Original Answer and Affirmative Defenses has this date been forwarded to all counsel for Plaintiff, by depositing same in the United States mail with sufficient postage affixed thereto and properly addressed to them as follows:

| | |
|---|---|
| Mr. Bruce Hamilton<br>ACLU Foundation of Louisiana<br>P.O. Box 56157<br>New Orleans, LA 70156 | Mr. Daniel Mach<br>Ms. Heather L. Weaver<br>American Civil Liberties<br>Union Foundation<br>915 15th Street, NW<br>Washington, DC 20005 |

Monroe, Louisiana, this 10th day of January, 2018.

BY:   s/ Jon K. Guice
        JON K. GUICE

BY:   s/Neal L. Johnson, Jr.
        NEAL L. JOHNSON, JR.

BY:   s/Courtney T. Joiner
        COURTNEY T. JOINER

BY:   s/Justin N. Myers
        JUSTIN N. MYERS